**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Hopson, ) | No. CV-06-2175-PHX-LOA |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| U. S. Dept. of Justice, et al. ) | |
| Defendants. ) | |

Pursuant to Local Rule 3.8(a), LRCiv, Rules of Practice, effective December 1, 2005, all civil cases are, and will be, randomly assigned to a U.S. district judge or to a U.S. magistrate judge. This matter has been assigned to the undersigned U.S. Magistrate Judge.

As a result of the aforesaid Local Rule and assignment, if all parties consent in writing, the case will remain with the assigned Magistrate Judge pursuant to 28 U.S.C. 636(c)(1) for all purposes, including trial and final entry of judgment. If any party chooses the district judge option, the case will be randomly reassigned to a U.S. district judge. To either consent to the assigned magistrate judge or to elect to have the case heard before a district judge, the appropriate section of the form, entitled Consent To Exercise Of Jurisdiction By United States Magistrate Judge[1], must be completed, signed and filed. The party filing the case or removing it to this Court is responsible for serving all parties with the

---

[1] The consent/election form may be obtained directly from the Clerk of the Court or by accessing the District of Arizona's web site at www.azd.uscourts.gov. To find the consent/election form on the District's web site, click on "Local Rules" at the top of the page, then click on "Forms" on the left side of the page and then click on and print the appropriate form.

1  consent forms. Each party must file a completed consent form and certificate of service with
2  the Clerk of the Court not later than 20 days after entry of appearance, and must serve a copy
3  by mail or hand delivery upon all parties of record in the case.

4  Any party is free to withhold consent to magistrate judge jurisdiction without
5  adverse consequences.  28 U.S.C. 636(c)(2); Rule 73(b), Fed.R.Civ.P.; Anderson v.
6  Woodcreek Venture Ltd., 351 F.3d 911, 913-14 (9th Cir. 2003) (pointing out that consent is
7  the "touchstone of magistrate [judge] jurisdiction" under 28 U.S.C. §636(c).

8  A review of the Court's file indicates that the pro se Plaintiff's Complaint, filed
9  on  September 12, 2006, is titled "Federal Mandamus" but, in reality, it may be a Bivens
10 action.  Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S.
11 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (United States Supreme Court held that suit could
12 be filed against federal officials acting under color of authority for alleged Fourth
13 Amendment violations). However, the Supreme Court has cautioned against extending
14 Bivens into new areas or recognizing new rights or claims. Libas Ltd. v. Carillo, 329 F.3d
15 1128, 1130 (9th Cir. 2003) (citing Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 68-70,
16 122 S.Ct. 515, 151 L.Ed.2d 456 (2001); Schweiker v. Chilicky, 487 U.S. 412, 421-23, 108
17 S.Ct. 2460, 101 L.Ed.2d 370 (1988); Bush v. Lucas, 462 U.S. 367, 373-74, 103 S.Ct. 2404,
18 76 L.Ed.2d 648 (1983).

19 Plaintiff is hereby advised that the United States Supreme Court has made
20 clear: federal "judges have no obligation to act as counsel or paralegal to pro se litigants"
21 because requiring trial judges to explain the details of federal procedure or act as the pro se's
22 counsel "would undermine district judges' [or magistrate judges'] role as impartial
23 decisionmakers." Pliler v. Ford, 542 U.S. 225, 124 S.Ct 2441, 2446 (2004).  Therefore, Plaintiff
24 is forewarned that it can not unfairly assist Plaintiff in this litigation.

25 Plaintiff is hereby advised that Local Rule of Civil Procedure 83.3(d) requires
26 Plaintiff to immediately notify the Court in writing of any change in address. Absent good
27 cause shown, the failure to notify the Court or Clerk in writing of a change in address may
28 result in the dismissal of this action.

1 | Plaintiff has filed his Agreement to Magistrate Judge Jurisdiction.
2 | Accordingly,
3 | **IT IS FURTHER ORDERED** that Plaintiff shall serve upon the Defendants
4 | the appropriate consent form  at the time of service of his Complaint upon the Defendants.
5 | **IT IS FURTHER ORDERED** that Defendants, and each of them,  shall either
6 | voluntarily consent to magistrate judge jurisdiction or elect to proceed before a district judge
7 | within twenty (20) days of each Defendant's formal appearance herein.
8 | **IT IS FURTHER ORDERED** that counsel and any party, if unrepresented,
9 | shall hereinafter comply with the Rules of Practice for the United States District Court for
10 | the District of Arizona, as amended on December 1, 2005.   The District's Rules of Practice
11 | may be found on the District Court's internet web page at www.azd.uscourts.gov/.
12 | All other rules may be found as www.uscourts.gov/rules/.  The fact that a party is acting pro
13 | se does not discharge this party's duties to "abide by the rules of the court in which he
14 | litigates."  Carter v. Commissioner of Internal Revenue, 784 F.2d 1006, 1008 (9th Cir. 1986).
15 | DATED this 27th day of September, 2006.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge