**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Brian Hopson, | ) | No. CV-06-2175-PHX-LOA |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| U. S. Department of Justice, et al., | ) | |
| Defendants. | ) | |

This matter arises on Plaintiff's Motion for the Appointment of Counsel (docket #4). Plaintiff requests that the court appoint counsel because he cannot afford counsel. there is no constitutional right to appointment of counsel in a civil case. See <u>Johnson Dep't of Treasury</u>, 939 F.2d 820, 824 (9th Cir. 1991). Appointment of counsel in a civil rights case is required only when exceptional circumstances are present. <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986). In determining whether to appoint counsel, the court should consider the likelihood of success on the merits, and the ability of plaintiff to articulate his claims in view of their complexity. <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335 (9th Cir. 1990).

Plaintiff has not demonstrated a likelihood of success on the merits, nor has he shown that he is experiencing difficulty in litigating this case because of the complexity of the issues involved. Moreover, Plaintiff's previous filings with the Court as well as the pending motion, indicate that Plaintiff is capable of presenting legal and factual arguments to the Court.

1  After reviewing the file, the Court determines that this case does not present exceptional
2  circumstances requiring the appointment of counsel.
3      Accordingly,
4      **IT IS HEREBY ORDERED** that Plaintiff's Motion for the Appointment of
5  Counsel (docket #4) is **DENIED** without prejudice.
6      DATED this 28th day of September, 2006.

Lawrence O. Anderson
United States Magistrate Judge