1   **WO**

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                       FOR THE DISTRICT OF ARIZONA

7
     Brian Hopson,                     )    No. CV-06-2175-PHX-LOA
8                                      )
                 Plaintiff,            )    **NOTICE**
9                                      )
     vs.                               )
10                                     )
     U. S. Dept. of Justice, et al.    )
11                                     )
                 Defendants.           )
12   _____)

13

14          This matter arises upon review of the file. Plaintiff filed his Complaint on

15   September 12, 2006. (docket # 1) On September 29, 2006, the Court granted Plaintiff's

16   request for *in forma pauperis* status and authorized service of process by the USMS.

17          Plaintiff is hereby advised that even though ordered that the USMS shall serve

18   the Complaint, Plaintiff has the ultimate obligation to ensure service of process within 120

19   days of the filing of Plaintiff's Complaint, i.e., January 10, 2007. *Boudette v. Barnette*, 923

20   F.2d 754, 756-57 (9th Cir.1991).

21          Pursuant to FED.R.CIV.P. 4(m) "if service of the summons and complaint is not

22   made upon a defendant **within 120 days after the filing of the complaint**, the court, upon

23   motion or on its own initiative after notice to the plaintiff, shall dismiss the action without

24   prejudice as to that defendant. . . ."  Rule 4(m) (emphasis added)  Thus, the Court may

25   dismiss an action where a plaintiff fails to show "good cause" for failing to serve the

26   summons and complaint within the 120 day period. *Townsel v. County of Contra Costa*, 820

27   F.2d 319 (9th Cir. 1987); *In re Sheehan*, 2001 WL 682453 (9th Cir. 2001).  Ignorance of the

28   existence of the 120 day rule does not constitute "good cause." *Townsel*, 820 F.2d at 320. The

1   *Townsel* court expressly noted that the 120 day rule "force[s] parties . . . to be diligent in

2   prosecuting their causes of action." *Id.*  Therefore, the court held that "to hold that complete

3   ignorance of the rule . . . constitutes good cause for untimely service would allow the good

4   cause exception to swallow the rule." *Id.*

5           Plaintiff should exercise due diligence in communicating the USMS to ensure

6   it has the necessary information, including correct current addresses, to serve defendants.

7           DATED this 25th day of October, 2006.

8
9                               Lawrence O. Anderson
10                              United States Magistrate Judge

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28