**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Hopson, ) | No. CV-06-2175-PHX-LOA |
|     Plaintiff, ) | **ORDER TO SHOW CAUSE** |
| vs. ) | |
| U. S. Dept. of Justice; FBI Director, ) | |
|     Defendants. ) | |

       This matter arises upon Plaintiff's Application for Entry of Default against Defendants and timely response to the Court's March 7, 2007 Order to Show Cause why this lawsuit should not be dismissed for lack of prosecution. (docket # 16 and # 17)

       In light of Plaintiff's recent filings, it is apparent that Defendants have not answered or otherwise appeared in this lawsuit because they were not likely properly served with process despite the Court's October 25, 2006 Notice to Plaintiff and the Court's September 28, 2006 Order (". . . Service by waiver or of the summons and complaint shall be at government expense on the defendants by the U. S. Marshal or his authorized representative.").

       Service of process upon the United States Government, one of its agencies or employees is governed by Rule 4(i), FED.R.CIV.P.[1] A review of the Certified Return Receipt,

---

[1] **Serving the United States, Its Agencies, Corporations, Officers, or Employees**.
(1) Service upon the United States shall be effected
(A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the

1  filed on November 17, 2006, indicates the apparent absence of service of both the summons
2  and complaint upon on Defendant FBI Director, an employee of the United States, and on
3  the United States Attorney for the District of Arizona. (docket # 14)

4  When service of process is questioned or challenged, the plaintiff bears the
5  burden of establishing the validity of service. *Berry v. Grau*, 2006 WL 839162 (D. Ariz.
6  2006) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th
7  Cir.1990); *Walker & Zanger (West Coast) Ltd. v. Stone Design S.A.*, 4 F.Supp.2d 931, 934
8  (C.D.Cal.1997); *Neilson v. Beck*, 1994 WL 578465, at *2 (D.Or. Oct.18, 1994)). Case law
9  supports the dismissal of a *pro se* litigant's lawsuit against the Director of the FBI or other
10 federal employee if service of process is not properly and timely made within 120 days of
11 the filing of the complaint. *Peltier v. Freeh*, 2006 WL 3168280 (D.D.C.); *Bartz v. Adrian*,
12 169 Fed. Appx. 241 (5th Cir. 2006); *Horton v. Bogan*, 108 Fed. Appx. 928 (5th Cir. 2004).
13 Rule 4(m), Fed.R.Civ.P., requires a district court to grant an extension of time when the
14 plaintiff shows "good cause" for the delay and also allows the district court in the exercise

---

office of the United States attorney and

(B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and

(C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

(2)(A) Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.

(B) Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States--whether or not the officer or employee is sued also in an official capacity--is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4 (e), (f), or (g).

1  of its discretion to grant an extension of time for service even in the absence of good cause.
2  *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 n. 2 (9th Cir.2003).  Although district courts have
3  broad discretion to extend time for service under Rule 4(m), "no court has ruled that the
4  discretion is limitless." *Efaw v. Williams*, 473 F.3d 1038 (9th Cir. 2007).

5        A plaintiff's *pro se* status and ignorance of the relevant rules of service do not
6  excuse a plaintiff's failure to effect proper service of process or failure to "abide by the rules
7  of the court in which he litigates." *Carter v. Commissioner of Internal Revenue*, 784 F.2d
8  1006, 1008 (9th Cir. 1986); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988); *Bryant
9  v. Rohr Industries, Inc.*, 116 F.R.D. 530, 531 (W.D.Wash.1987).  A district court, however,
10 may grant some leniency to a *pro se* plaintiff has who diligently pursued his claim so that his
11 case is justly resolved on the merits and not disposed of on the basis of procedural
12 technicalities. *D'Amario v. Russo*, 750 F.Supp. 560, 563 (D.R.I.1990); *Poulakis v. Amtrak*,
13 139 F.R.D. 107, 109 (N.D.Ill.1991).

14       On the Court's own motion,

15 **IT IS ORDERED** that Plaintiff show cause in writing on or before **5:00 p.m.**
16 **on April 23, 2007** why this matter should not be dismissed without prejudice in its entirety
17 for failure to properly serve the summons and complaint on Defendants within 120 days after
18 the filing of the Complaint. See, Rule 4 (i) and (m), FED.R.CIV.P.  Plaintiff's failure to timely
19 file a pleading showing good cause as set forth herein may result in the dismissal without
20 prejudice of this case in its entirety.

21 **IT IS FURTHER ORDERED** directing the Clerk to electronically or
22 otherwise deliver a copy of this Order to AUSA Ronald Gallegos, Chief of Civil Section,
23 U.S. Attorney's Office, Phoenix, Arizona.

24       DATED this 4th day of April, 2007.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge

- 3 -